UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-mc-00087-MOC-DCK

| | |
|---|---|
| R. ALEXANDER ACOSTA, ) | |
| Secretary of Labor, ) | |
| United States Department of Labor ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LEWARO INTERIORS, INC., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Secretary of Labor's Petition for Civil Contempt (#6) filed against Respondent Lewaro Interiors, Inc. d/b/a Lewaro Interiors ("Lewaro Interiors") and its owner and registered agent, Phillip Moore ("Mr. Moore") (collectively, "Respondents"), for refusing to obey a court order to enforce an administrative subpoena *duces tecum*. The Court ordered a Show Cause hearing, which was held on October 15, 2018. Respondents were not present at the hearing. Having considered the Secretary's Petition and evidence presented during the hearing, the Court makes the following findings of fact and conclusions of law.

**I.     FINDINGS OF FACT**

On February 23, 2018, an administrative subpoena *duces tecum* (the "Subpoena") was lawfully issued against Lewaro Interiors and its related business, Lewaro Construction, by the Regional Administrator of the Wage and Hour Division ("WHD") of the United States Department of Labor in an investigation conducted pursuant to the Fair Labor Standards Act of 1938. See Ex.

6, Motion to Compel (#1). The Subpoena was personally served on Mr. Moore's wife, Nicole Moore, at their residence on February 27, 2018. Id. Respondents failed to produce the requested documents or cooperate with the WHD's investigation.

On May 31, 2018, United States Magistrate Judge David C. Keesler issued an Order Granting Secretary's Petition to Enforce Subpoena (#3) requiring respondent to contact petitioner's counsel by no later than June 8, 2018 in order to produce the required documents. A copy of Judge Keesler's May 31, 2018 Order and an additional copy of the Secretary's Petition to Enforce (#3) were personally served on Mr. Moore at his residence on June 8, 2018. See Ex. 4, Motion for Civil Contempt (#6). Respondents failed to produce the requested documents or contact petitioner's counsel by the June 2018 deadline.

On August 10, 2018, this Court issued an Order (#8) directing Respondents to fully respond or to appear before the Court on September 12, 2018 to show cause why they should not be required to produce the documents identified in the Subpoena. On August 23, 2018, the Court granted the Secretary's Motion to Continue due to a scheduling conflict. On September 14, 2018, the Court granted the Secretary's second Motion to Continue due to the severe weather threat caused by Hurricane Florence, which presented a significant risk for the Secretary's counsel traveling from Atlanta to Charlotte and ultimately prompted the Court to be closed on Monday, September 17, 2018. The hearing was reset for October 15, 2018. The Secretary was directed to make best efforts to provide Respondents with notice of this Order by either overnight mail, text, or phone message.

On October 15, 2018 at 3:00 p.m., the Court held a Show Cause hearing. No one appeared on behalf of Respondents. In open violation of the May 31 and September 14 Orders, Respondents

have not provided any of the documents identified in the Subpoena. Respondents did not appear before the Court on October 15, 2018 to show cause why the Court should not find Respondents in contempt for those violations.

### A. Civil Contempt

Under 18 U.S.C. §401(3), "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." To establish civil contempt, the Secretary must show by clear and convincing evidence: (1) the existence of a valid decree of which Respondents had actual or constructive knowledge; (2) that the decree was in the Secretary's "favor"; (3) that Respondents, by their conduct, violated the terms of the decree and had at least constructive knowledge of such violations; and (4) that the Secretary suffered harm as a result of Respondents' violations. See Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (articulating elements of civil contempt). The Secretary has met its burden of proof for each element.

The Secretary has presented evidence that Mr. Moore was served a copy of the Subpoena, the Secretary's Petition to Enforce the Subpoena, and the Order to Enforce the Subpoena issued May 31, 2018. Respondents' willful and deliberate refusal to comply with the Subpoena issued by the Secretary, to comply with Judge Kessler's Order issued on May 31, 2018, and to appear before the Court as required by the Order to Show Cause issued on August 24, 2018 violated the terms of these valid decrees. Further, Respondents have obstructed the Secretary's proper exercise of his lawful authority and responsibility to enforce and administer the protections afforded to employees

under the FLSA. Respondents' violations, therefore, constitute contempt pursuant to 18 U.S.C. § 401(3).

B.     **Daily Fine**

The Secretary has asked the Court to impose a coercive daily fine against Respondents until contempt is purged. When a defendant is adjudicated in contempt, the contempt continues until purged and the court has ample power to frame contempt and purge orders to accomplish compliance with the judgment. This power includes the power to fine or imprison if necessary. Specifically, the Supreme Court has explained:

> One who is fined, unless by a day certain he produces the books, has it in his power to avoid any penalty. And those who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets.' Fine and imprisonment are then employed not to vindicate the public interest but as coercive sanctions to compel the contemnor to do what the law made it his duty to do.

Penfield Co. of Calif. v. S.E.C., 330 U.S. 585, 590 (1947) (citations omitted).

This Court has authority to order fines and/or confinement until its decree is obeyed, and district courts commonly resort to such measures in response to non-compliance by a party. Section 401(3) specifically provides that "[a] court of the United States shall have power to punish *by fine* or imprisonment, or both, at its discretion, such contempt of its authority." 18 U.S.C. §401(3) (emphasis added). And this Court has issued a similar coercive fine per day in other FLSA subpoena enforcement matters. See, e.g., Ex. 1, Secretary's Supp. Memo. (#16) ("Order for Civil Contempt and Coercive Daily Fine" issued December 8, 2015).

Here, Respondents' willful and deliberate refusal to comply with the Subpoena and disregard of two court orders gives the Court authority to impose a daily fine as a means of coercing

under the FLSA. Respondents' violations, therefore, constitute contempt pursuant to 18 U.S.C. § 401(3).

B.     **Daily Fine**

The Secretary has asked the Court to impose a coercive daily fine against Respondents until contempt is purged. When a defendant is adjudicated in contempt, the contempt continues until purged and the court has ample power to frame contempt and purge orders to accomplish compliance with the judgment. This power includes the power to fine or imprison if necessary. Specifically, the Supreme Court has explained:

> One who is fined, unless by a day certain he produces the books, has it in his power to avoid any penalty. And those who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets.' Fine and imprisonment are then employed not to vindicate the public interest but as coercive sanctions to compel the contemnor to do what the law made it his duty to do.

Penfield Co. of Calif. v. S.E.C., 330 U.S. 585, 590 (1947) (citations omitted).

This Court has authority to order fines and/or confinement until its decree is obeyed, and district courts commonly resort to such measures in response to non-compliance by a party. Section 401(3) specifically provides that "[a] court of the United States shall have power to punish *by fine* or imprisonment, or both, at its discretion, such contempt of its authority." 18 U.S.C. §401(3) (emphasis added). And this Court has issued a similar coercive fine per day in other FLSA subpoena enforcement matters. See, e.g., Ex. 1, Secretary's Supp. Memo. (#16) ("Order for Civil Contempt and Coercive Daily Fine" issued December 8, 2015).

Here, Respondents' willful and deliberate refusal to comply with the Subpoena and disregard of two court orders gives the Court authority to impose a daily fine as a means of coercing

under the FLSA. Respondents' violations, therefore, constitute contempt pursuant to 18 U.S.C. § 401(3).

B.     **Daily Fine**

The Secretary has asked the Court to impose a coercive daily fine against Respondents until contempt is purged. When a defendant is adjudicated in contempt, the contempt continues until purged and the court has ample power to frame contempt and purge orders to accomplish compliance with the judgment. This power includes the power to fine or imprison if necessary. Specifically, the Supreme Court has explained:

> One who is fined, unless by a day certain he produces the books, has it in his power to avoid any penalty. And those who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets.' Fine and imprisonment are then employed not to vindicate the public interest but as coercive sanctions to compel the contemnor to do what the law made it his duty to do.

Penfield Co. of Calif. v. S.E.C., 330 U.S. 585, 590 (1947) (citations omitted).

This Court has authority to order fines and/or confinement until its decree is obeyed, and district courts commonly resort to such measures in response to non-compliance by a party. Section 401(3) specifically provides that "[a] court of the United States shall have power to punish *by fine* or imprisonment, or both, at its discretion, such contempt of its authority." 18 U.S.C. §401(3) (emphasis added). And this Court has issued a similar coercive fine per day in other FLSA subpoena enforcement matters. See, e.g., Ex. 1, Secretary's Supp. Memo. (#16) ("Order for Civil Contempt and Coercive Daily Fine" issued December 8, 2015).

Here, Respondents' willful and deliberate refusal to comply with the Subpoena and disregard of two court orders gives the Court authority to impose a daily fine as a means of coercing

compliance with its prior decrees. Consequently, as the Court held on October 15, 2018, Respondents are ordered to pay a total fine of $50.00 per day until the contempt is purged.

**C.     Equitable Tolling**

The Secretary has also asked the Court to equitably toll the statute of limitations for bringing action against Respondents. Courts may equitably "toll" a statute of limitations "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Lozano v. Montoya Alvarez, 134 S. Ct. 1224, 1231-1232 (2014). Here, the Secretary has pursued his rights diligently, but Respondents' blatant refusal to comply with a lawful subpoena and two subsequent lawful court orders is preventing the Secretary from being able to complete his FLSA investigation and bring a timely action. Additionally, "Congress is presumed to incorporate equitable tolling into federal statutes of limitations because equitable tolling is part of the established backdrop of American law." Id. at 1232. "[I]t is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute." Young v. United States, 535 U.S. 43, 49 (2002). Therefore, it is within this Court's authority to toll the statute of limitations in this matter beginning January 26, 2018 until Respondents comply with this Court's order by producing the required documents.

Based on the foregoing findings of fact and conclusions of law, the Court orders the following:

**ORDER**

**IT IS, THEREFORE, ORDERED** that Secretary's Petition for Civil Contempt (#6) is **GRANTED**. The Court finds Phillip Moore, CEO and registered agent of Lewaro Interiors, Inc.,

in civil contempt for failure and refusal to comply with the Secretary's lawful Subpoena and this Court's lawful Orders. The Court further **ORDERS**:

i. Respondents to purge themselves of contempt by fully complying with the Order to Enforce the Subpoena entered May 31, 2018 and producing all required documents pursuant to the February 27, 2018 Subpoena immediately;

ii. The statute of limitations tolled beginning January 26, 2018, the date Respondents was required to respond WHD's 72-hour letter;

iii. Respondents to pay a coercive fine of $50.00 per day until contempt is purged.

iv. Respondents to pay the Secretary's costs and attorney's fees associated with the filing of the Secretary's Petition to Enforce the Subpoena (#1) and the Petition for Civil Contempt (#6); and

v. Upon receipt of the requested documents, the Secretary to assess the total fine from Respondents, including attorney's fees and the daily coercive fine, and certify receipt of the documents to this Court.

Respondents are hereby noticed that if they do not purge themselves of contempt within thirty (30) days of this Order, the Court will take further coercive action upon a motion by the Secretary.

l

Signed: October 25, 2018

Max O. Cogburn Jr
United States District Judge